UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
    RUTH NOEMI NORMAN,

                              Plaintiff,

              -against-

    EXPERIAN INFORMATION SOLUTIONS,
    Inc., EQUIFAX INFORMATION SERVICES,
    LLC, *and* TRANS UNION LLC,

                             Defendants.
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/2024

1:23-cv-9245-GHW

ORDER ADOPTING REPORT
& RECOMMENDATION

**I.    INTRODUCTION**

Plaintiff Ruth Noemi Norman, proceeding pro se, brought this action against Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union") alleging violations of the Fair Credit Reporting Act. On February 29, 2024, Judge James L. Cott issued a Report & Recommendation, recommending that the Court dismiss Plaintiff's claims with prejudice. Because Judge Cott's conclusion that Plaintiff failed to state a claim is sound, the Court adopts the R&R in part. But because Plaintiff had not yet been afforded the benefit of a court's analysis prior to amending her complaint in state court, the Court declines to adopt Judge Cott's recommendation to deny leave to amend. Accordingly, the Court dismisses Plaintiff's claims without prejudice.

**II.    BACKGROUND**

The Court refers to the Report & Recommendation issued by Judge Cott, Dkt. No. 25 (the "R&R"), for a description of the facts and procedural history of the case but will briefly review the procedural history relevant to this motion.

Plaintiff filed her initial complaint in the Civil Court of the City of New York, Bronx County on July 26, 2023, Dkt. No. 1-1, and an amended complaint on September 23, 2023, Dkt. No 1-2 (the "FAC"), asserting claims against Defendants for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq*.  Defendants removed this case to federal court on October 20, 2023.  Dkt. No. 1.  On November 27, 2023, Defendants filed a motion to dismiss the FAC, Dkt. No. 16, accompanied by a memorandum of law, Dkt. No. 17.  Plaintiff filed her opposition on December 14, 2023.  Dkt. No. 19.  Defendants replied on January 22, 2024.  Dkt. No. 22.

Judge Cott issued a report and recommendation on February 29, 2024, recommending that the Court dismiss Plaintiff's claims for "fail[ure] to state a claim under the FCRA upon which relief can be granted."  *See* R&R at 10.  Judge Cott also recommended that the Court deny Plaintiff leave to amend the complaint.  *Id.* at 10–11.

Plaintiff filed objections to the R&R on March 8, 2024 (the "Objections").  Dkt. No. 26.[1]  The Objections are brief and reassert the claims alleged in the FAC.  The Objections do not meaningfully dispute the rationales for Judge Cott's conclusions in the R&R—namely that (1) Plaintiff "misconstrues" the FCRA to prohibit "furnishing [Plaintiff's] credit report without her consent or a court order," *see* R&R at 5–6, (2) Plaintiff "fails to allege that Defendants did not complete a reinvestigation of her credit report," *see id.* at 7–8, and (3) the FCRA "does not bar a credit reporting agency from incorporating [into the credit report] transactions between the consumer and third parties," *id.* at 9–10.  As a result of these pleading deficiencies and misconstructions of the FCRA, Judge Cott concluded that Plaintiff had failed to state a claim under the FCRA.

### III. LEGAL STANDARD

District courts may "accept, reject or modify, in whole or in part, the findings or

---

[1] The same document was filed again on March 14, 2024.  Dkt. No. 27.

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  A district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citation omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation omitted).  "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal.  The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge."  *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citations omitted).

As with all pro se filings, this Court must liberally construe Plaintiff's objections "to raise the strongest arguments that they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (emphasis in original)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed' . . . ." (citation omitted)); *DiPetto v. U.S. Postal Serv.*, 383 F. App'x 102, 103 (2d Cir. 2010) ("[W]hile pro se complaints must contain sufficient factual allegations to meet the plausibility standard, [courts] should look for such allegations by reading pro se complaints with 'special solicitude' and interpreting them to raise the 'strongest [claims] that they suggest.'" (citations omitted)).  "Pro se parties are generally accorded leniency when making objections.  Nonetheless,

even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06CIV.5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (internal citations omitted).

## IV. DISCUSSION

Even considered with the leniency afforded to pro se litigants, Plaintiff's objections warrant only clear error review. The Objections are not aimed at any findings in Judge Cott's R&R; they do not discuss at all the principal rationales for his decision—namely that (1) Plaintiff "fails to adequately allege that defendants violated the FCRA by furnishing her credit report without her consent or without a court order," R&R at 6, (2) she "fails to allege that defendants did not complete a reinvestigation of her credit report" because there is no "requirement [under the FCRA] that credit reporting agencies must obtain copies of contracts in order to verify accounts," *id.* at 7–8, and (3) she "incorrectly interprets the definition of consumer report in the FCRA," which "prevents the consumer report from containing any transaction between the consumer and the entities making the reports—i.e., credit reporting agencies, like defendants in this case—but does not bar a credit reporting agency from incorporating transactions between the consumer and third parties," *id.* at 9–10. Thus, the Objections merit only clear error review. *See Gardine v. McGinnis*, No. 04 CIV 1819 KMW DFE, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006) (reviewing report for clear error where pro se litigants' objections, "even considered leniently[,]" were perfunctory, repeated arguments, and did not point out specific errors made by magistrate judge). Here, Judge Cott's conclusions were sound, even when reviewed *de novo*. Judge Cott correctly determined that Plaintiff failed to state a claim under the FCRA for the reasons stated above and articulated in full in the R&R.

## V. LEAVE TO AMEND

The Court declines to adopt Judge Cott's recommendation that leave to amend the complaint be denied. *See* R&R at 10–11. In this Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("Under Rule 15(a)(2), leave to amend should be freely given unless there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (quoting *Foman v. Davis*, 371 U.S. 178, 182–83 (1962)). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)). "A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA*, 758 F.3d at 505.

Here, as Judge Cott acknowledged, Plaintiff "has already had the opportunity to submit an amended complaint in state court, . . . and has filed opposition papers, which the Court has reviewed to determine whether any cognizable claims are set forth therein." R&R at 10–11. But, in filing the FAC, Plaintiff had not yet had the benefit of the Court's analysis on Defendants' motion to dismiss. *Cf. Payne v. Malemathew*, No. 09-CV-1634, 2011 WL 3043920, at *5 (S.D.N.Y. July 22, 2011) (denying leave to amend where "Plaintiff was provided notice of his pleading deficiencies and the opportunity

to cure them"); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F.Supp.2d 222, 242 (S.D.N.Y. 2005) (similar), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007).  The pleading deficiencies identified in the R&R and this order may be corrected, so amendment is not necessarily futile.  Accordingly, leave to amend is granted to cure the deficiencies identified in the R&R and the Court's order adopting it.  Any amended complaint must be filed within thirty days from the date of this opinion.

## VI.   CONCLUSION

For the reasons described above, the Court adopts the R&R nearly in full, dismissing the FAC without prejudice.  The Clerk of Court is directed to terminate the motion at Dkt. No. 16.

SO ORDERED.

Dated: March 19, 2024  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge