```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                              :
RUTH NOEMI NORMAN,                                            :
                                                              :
                              Plaintiff,                      :        1:23-cv-9245-GHW
                                                              :
             -v -                                             :        ORDER
                                                              :
EXPERIAN INFORMATION SOLUTIONS,                               :
INC., EQUIFAX INFORMATION SERVICES,                           :
LLC, *and* TRANS UNION LLC,                                   :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On July 31, 2024, Magistrate Judge James L. Cott issued a Report and Recommendation recommending that the Court grant defendant Trans Union LLC's ("Defendant") motion to dismiss in full. Dkt. No. 57 ("R&R").

Plaintiff Ruth Noemi Norman ("Plaintiff") filed this action *pro se*. The Court agrees with the R&R's conclusion that, construed liberally, Plaintiff's Second Amended Complaint ("SAC") can be read to assert two categories of claims against Defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*: a failure to "assure maximum possible accuracy" of the information concerning her consumer credit reports under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i; and a failure to comply with various reinvestigation requirements under 15 U.S.C. § 1681i. R&R at 6, 10; SAC at 3–6. In the R&R, Judge Cott recommended that both claims be dismissed with prejudice. R&R at 12.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise specific written objections to the report and

recommendation within fourteen days of receiving a copy of the report. *Id.*; Fed. R. Civ. P. 72(b)(2). Because Plaintiff received service by mail, she was entitled to an additional three days, extending her deadline to submit any objections to seventeen days from the date on which she was mailed the order. Fed. R. Civ. P. 6(d). The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

No objection to the R&R was submitted within the seventeen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts the R&R in its entirety. For the reasons articulated in the R&R, Defendant's motion to dismiss the Second Amended Complaint, Dkt. No. 46, is GRANTED.

In this Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, leave to amend may be denied for good reason, including "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (quoting *Foman v. Davis*, 371 U.S. 178, 182–83 (1962)); *accord TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505–06 (2d Cir. 2014). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

The R&R correctly concludes that Plaintiff's claims that Defendant failed to "assure maximum possible accuracy" of her credit reports are deficient because, among other reasons, they

are not supported by any allegations of inaccurate information in her credit reports. R&R at 7; SAC at 2, 4; *see Phipps v. Experian*, No. 20-CV-3368 (LLS), 2020 WL 3268488, at *3 (S.D.N.Y. June 15, 2020) ("In actions under § 1681e and § 1681i, the threshold question is whether the disputed credit information is inaccurate."). The R&R also correctly concludes that Plaintiff has not adequately pleaded violations of the FCRA's reinvestigation requirements because the SAC "does not allege facts indicating that [Defendant] failed to follow reasonable reinvestigation procedures." R&R at 10 (quoting *Phipps*, 202 WL 3268488, at *3); *see also Nguyen v. Ridgewood Sav. Bank*, No. 14-CV-1058 MKB, 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) (dismissing Section 1681i claim where the plaintiff "fail[ed] to make any allegations regarding either the procedures followed or investigations by Trans Union . . . in response to [the plaintiff's] complaints"); *Okocha v. Trans Union*, No. 08-CV-3107 (DLI), 2011 WL 2837594, at *6 (E.D.N.Y. March 31, 2011) (similar). To the contrary, Plaintiff's submissions indicate that Defendant conducted reinvestigations and removed some of the items that she challenged from her credit report. R&R at 10. The Court finds no clear error in these determinations.

As the R&R points out, Plaintiff has now had multiple opportunities to plead her claims, as well as the benefit of the Court's analysis on defendants' prior motion to dismiss. R&R at 11. Plaintiff has provided no indication in her submissions that she has a colorable FCRA claim, such that a third opportunity to amend could cure the SAC's pleading deficiencies. Accordingly, Plaintiff's FCRA claims are dismissed with prejudice, without leave to amend. *TechnoMarine*, 758 F.3d at 506; *Selvam v. Experian Info. Sols., Inc.*, No. 13-CV-6078 DLI JO, 2015 WL 1034891, at *4 (E.D.N.Y. Mar. 10, 2015).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and to enter judgment in favor of Defendant Trans Union LLC. The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and to close this case.

SO ORDERED.

Dated: August 20, 2024
      New York, New York

_____
GREGORY H. WOODS
United States District Judge